NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000594
09-JUN-2017
07:51 AM**

NO. CAAP-16-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EMYROSE WELLE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-15-03558)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Emyrose Welle (Welle) with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (2007).  After a bench trial, the District Court of the Third Circuit (District Court)[1] found Welle guilty of OVUII. The District Court sentenced Welle and filed its Judgment on June 28, 2016.

On appeal, Welle argues that the District Court failed to obtain a valid waiver of her right to testify as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).  The State concedes error, and we agree with this concession of error.

In conducting the "ultimate" Tachibana colloquy, the District Court did not obtain an on-the-record response from Welle as to whether she understood the District Court's

---

[1] The Honorable Margaret K. Masunaga presided.

advisement of rights.   The District Court also did not obtain an on-the-record waiver of the right to testify directly from Welle, but instead accepted the representation of Welle's counsel that Welle did not want to testify.

In State v. Staley, 91 Hawaiʻi 275, 982 P.2d 904 (1999), the trial court failed to obtain an on-the-record waiver directly from Staley, but instead relied on the representation of Staley's counsel that Staley would not be testifying.  Staley, 91 Hawaiʻi at 286-87, 982 P.2d at 915-16.  The Hawaiʻi Supreme Court held that by failing to obtain an on-the-record waiver directly from Staley, the trial court had failed to obtain a valid waiver of Staley's right to testify as required by Tachibana.  Id. Based on Staley, we conclude that the District Court failed to obtain a valid waiver from Welle of her right to testify.  We further conclude that this error was not harmless beyond a reasonable doubt.  See State v. Hoang, 94 Hawaiʻi 271, 279-80, 12 P.3d 371, 379-80 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case.").

Accordingly, we vacate Welle's OVUII conviction and remand the case for a new trial.

DATED: Honolulu, Hawaiʻi, June 9, 2017.

On the briefs:

John Knoebber
for Defendant-Appellant.

David Blancett-Maddock
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

2